NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0856-23

MONMOUTH COUNTY
PROSECUTOR'S OFFICE,

    Petitioner-Appellant,

v.

OFFICE OF THE ATTORNEY
GENERAL, DEPARTMENT OF
LAW AND PUBLIC SAFETY,

    Respondent-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 13, 2024**
>
> **APPELLATE DIVISION**

Argued October 16, 2024 – Decided November 13, 2024

Before Judges Gooden Brown, Chase and Vanek.

On appeal from the State of New Jersey, Department of Law and Public Safety.

Robyn B. Gigl argued the cause for appellant (Dilworth Paxson LLP, attorneys; Robyn B. Gigl, of counsel and on the briefs).

Frank Kapusinski, Assistant Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Andrew D. Spevack, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

VANEK, J.S.C. (temporarily assigned)

The Monmouth County Prosecutor's Office (MCPO) seeks reversal of the Office of the Attorney General's (OAG) final decision denying its request for representation in an action in lieu of prerogative writs filed by retired Township of Marlboro (Township) Deputy Police Chief Frederick Reck (Reck). Reck entered into an agreement with the Township after the MCPO conducted an internal affairs (IA) investigation and issued a report of its findings as to allegations of Reck's misconduct in accordance with the Attorney General Law Enforcement Directive No. 2022-14 (Directive 2022-14) and the OAG's Internal Affairs Policy & Procedures, November 2022 Version (IAPP). Reck then filed the prerogative writs action against the MCPO seeking only injunctive relief. Since the OAG exercised its legislatively-authorized discretion to deny the MCPO's request for representation, we affirm.

## I.

The underlying facts in the record are not in dispute. Reck was employed as the Deputy Police Chief for the Township. On September 15, 2022, the Township of Marlboro Police Department (MPD) notified the MCPO it received a complaint against Reck alleging misconduct in office. As mandated by the IAPP and the Directive, the MCPO initiated an IA

investigation into the allegations.

After the IA investigation was concluded, the MCPO issued a Summary and Conclusions Report (the Report) identifying two sustained allegations against Reck. One of the sustained allegations required the MPD to post certain details on the internet pursuant to Directive 2022-14 and the Attorney General Law Enforcement Directive 2019-6, referenced in the IAPP.

That same day, Chief Pezzullo informed Reck of the MCPO's findings, and offered him the opportunity to retire, instead of proceeding through a disciplinary hearing. Ultimately, the Township and Reck negotiated a written agreement memorializing Reck's retirement on April 1, 2023, providing in part that

> Reck retains the right to challenge the findings made by [the MCPO] relating to the aforementioned investigation [and in] the event that Reck successfully challenges the findings made by [the MCPO], and upon notice to the [Township] of same, the [Township] shall so amend its records relating to Reck to reflect the same.

On June 30, 2023, Reck's counsel wrote a letter to the MCPO requesting a "copy of the formal procedures by which he may challenge the findings of [the Report] and a copy of [the MCPO's] complete investigation Report." The MCPO responded that Reck was precluded from challenging its findings through the administrative process post-retirement pursuant to Section I.E. of

Directive 2019-6.

Reck then filed an action in lieu of prerogative writs in the Superior Court, Law Division, Monmouth County, against the MCPO requesting de novo review of the findings in the Report. Reck alleged the MCPO improperly "sustained two allegations charged against [Reck], at least one of which will require [the Township] to post [online] certain details [of the Report], [and] identify [Reck] by name . . . as part of its compliance obligations [under the Directive and the IAPP]."

Reck also alleged the MCPO never identified the particular administrative process by which he could challenge the findings in the Report and demanded the following remedies in count one:

> (A) dismissal of the [Report's] "sustained findings" [against him];
>
> (B) expungement of [Reck's] personal and/or disciplinary records accordingly;
>
> (C) removal of [Reck's] name, and any references to the [IA] complaint brought against him . . . [to] the subsequent investigation . . ., and [to] the [Report] . . . from the [MCPO's] records;
>
> (D) removal of [Reck's] name, and any references to the complaint brought against him . . . from any and all Brady/Giglio[1] reports . . .; and

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

(E) such other legal or equitable relief deemed appropriate by the [c]ourt.

In count two, Reck demanded an order

(A) affirming [Reck's] right to a procedure by which he may challenge the findings of [the MCPO's] investigation, as set forth in its [Report];

(B) directing the [MCPO] to establish or identify the procedure by which [Reck] may challenge the findings of the [MCPO's] investigation, as set forth in its [Report];

(C) directing the [MCPO] to provide [Reck] with a copy of the formal procedures detailing the particulars and standards for the procedure; and

(D) such other legal or equitable relief deemed appropriate by the [c]ourt.

On October 2, 2023, the MCPO forwarded a copy of Reck's complaint to the OAG with a letter requesting representation in accordance with Wright v. State, 169 N.J. 422 (2001). The MCPO asserted "the employees involved in this investigation were acting in their official capacity and in their regular course of duties."

On October 16, 2023, the OAG denied the MCPO's request positing the State's duty under Wright to defend county prosecutor's office employees only obligates the OAG "to provide defense and indemnification to employees when they are being sued in civil actions seeking damages for conduct that is

tortious and/or violative of 42 U.S.C. § 1983." Because Reck's complaint, self-titled as an action in lieu of prerogative writs, sought only non-statutory equitable remedies and did not assert any claims for monetary damages, the OAG determined it is not required to provide a defense.

The MCPO's appeal followed.

## II.

We afford "a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (citing City of Newark v. Nat. Res. Council, Dep't of Env't. Prot., 82 N.J. 530, 539, cert. denied, 449 U.S. 983 (1980)). However, we review "an agency's interpretation of a statute or its determination of a strictly legal issue" de novo. Id. at 172 (citing Norfolk S. Ry. Co. v. Intermodal Props., LLC, 215 N.J. 142, 165 (2013)).

The OAG's determination should only be reversed if "it is arbitrary, capricious or unreasonable or [if] it is not supported by substantial credible evidence in the record as a whole." Prado v. State, 186 N.J. 413, 427 (2006), (citing In re Taylor, 158 N.J. 644, 657 (1999) (internal quotations omitted)). We determine if an agency's decision, such as the OAG's denial of the MCPO's request for representation, is arbitrary, capricious, or unreasonable by considering the following factors:

6

(1) [W]hether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Lavezzi, 219 N.J. at 171.]

The burden of proof rests on the party challenging the agency's administrative action.  Ibid.

### III.

After a thorough review of our jurisprudence and the record in this case, we affirm the OAG's discretionary denial of the MCPO's request for representation in Reck's action in lieu of prerogative writs since he sought no tort damages.

The OAG's duty to defend arises solely from the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3.  Chasin v. Montclair State Univ., 159 N.J. 418, 425 (1999).  Neither party has identified any other governing statute, common law or contractual obligation to defend.  Thus, we proceed to analyze the applicable TCA provisions.

N.J.S.A. 59:10A-1 specifically addresses the OAG's mandatory duty to defend state employees, providing:

A-0856-23

> Except as provided in section 2 hereof, the Attorney General shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment.
>
> [N.J.S.A. 59:10A-1.]

N.J.S.A. 59:10A-2 carves out exceptions to the mandate set forth above by providing the OAG:

> [M]ay refuse to provide for the defense of an action referred to in section 1 if [the OAG] determines that:
>
> a. the act or omission was not within the scope of employment; or
>
> b. the act or the failure to act was because of actual fraud, willful misconduct or actual malice; or
>
> c. the defense of the action or proceeding by the Attorney General would create a conflict of interest between the State and the employee or former employee.
>
> [N.J.S.A. 59:10A-2.]

N.J.S.A. 59:10A-3 provides the OAG with the discretion to defend a current or former state employee in circumstances not subject to the mandate of section 10A-1:

> In any other action or proceeding, including criminal proceedings, the Attorney General may provide for the defense of a State employee or former State employee, if he concludes that such representation is in the best interest of the State.

[N.J.S.A. 59:10A-3.]

We previously characterized N.J.S.A. 59:10A-3 as "a catch-all," designed to "cover actions not arising under the [TCA], including civil actions not seeking damages, as well as criminal actions[,]" reasoning the OAG "should have discretionary authority to furnish a defense for a state employee when the state interest would be served." Helduser v. Kimmelman, 191 N.J. Super. 493, 508 (App. Div. 1983).

Thus, the OAG is only charged with defending a state employee to the extent required under N.J.S.A. 59:10A-1. The legislative mandate only applies "in the context of civil actions seeking damages for tortious conduct." Chasin, 159 N.J. at 431; see also Gramiccioni v. Dep't of L. & Pub. Safety, 243 N.J. 293, 310 (2020) ("[T]he TCA governs tort suits filed against the State and public entities, and it sets forth defense and indemnification provisions that distinguish between State employees and other public employees."). Defense has only been required where damages claims have been asserted, either alone or coupled with requests for equitable relief. To this end, the Court has opined:

> Given the statutory scheme and the title of the [TCA], N.J.S.A. 59:10A-1 mandates that the [OAG] defend "any action" brought in tort; N.J.S.A. 59:10A-2 specifies three instances when such representation of tort cases may be refused by the [OAG]; and N.J.S.A.

59:10A-3 vests the [OAG] with the discretion to defend in cases not covered by N.J.S.A. 59:10A-1. Because N.J.S.A. 59:10A-3 grants discretion "in any other action, including criminal proceedings[,]" . . . that discretion cannot be limited to criminal proceedings, but must include some civil actions. N.J.S.A. 59:10A-1 requires the [OAG] to defend state employees against tort liability, so the civil claims left to N.J.S.A. 59:10A-3 must seek a remedy other than tort damages.

[Chasin, 159 N.J. at 428 (emphasis omitted).]

While not specifically addressing the duty to provide representation for an action in lieu of prerogative writs, the Court has resolved that the OAG's mandatory obligation "is limited to civil actions seeking compensatory damages for tortious conduct. The decision to represent an employee in any other action is within the discretion of the [OAG]." Id. at 441.

Based on our application of Supreme Court precedent, we conclude the OAG's discretionary decision to deny the MCPO's request for representation was not arbitrary, capricious, or unreasonable. See Lavezzi, 219 N.J. at 171. The OAG followed our statutory law—which contains no mandate, but instead affords the OAG discretionary authority under section 10A-3 to defend state employees where the claims request no damages. Thus, the OAG's exercise of legislatively-promulgated discretion to deny MCPO's request for representation in Reck's prerogative writs action was not arbitrary, capricious or contrary to law.

Our decision is consistent with prevailing jurisprudence holding the TCA does not apply to actions in lieu of prerogative writs.  See Greenway Dev. Co. Inc. v. Borough of Paramus, 163 N.J. 546, 554-57 (2000).  It is well-settled that the TCA, and the statutory analogs of our sister states, do not apply to claims other than common law causes of action for tort damages under state law.  See, e.g., Fuchilla v. Layman, 109 N.J. 319, 338-40 (1988) (Handler, J., concurring) (maintaining the focus of the TCA is on negligence and other tortious conduct involving fault); Felder v. Casey, 487 U.S. 131, 137-39 (1988) (reasoning a state's tort claim act's notice provision does not apply to claims brought under 42 U.S.C. § 1983).  The discretionary nature of the OAG's obligation to defend the MCPO in an action in lieu of prerogative writs comports with our jurisprudence which imposes no independent obligation to defend, in instances such as this, where the TCA does not apply.

But for the absence of a claim for tort damages in Reck's complaint, the OAG might be found responsible for providing representation to the MCPO. The Court stated in Wright that county prosecutors and their subordinates, such as county detectives, hold a hybrid status "with respect to their functions and responsibilities related to both the county and the State."  Wright, 169 N.J. at 449-50 (citing Dunne v. Fireman's Fund Am. Ins. Co., 69 N.J. 244, 248 (1976)).  When prosecutors act in their law enforcement capacity, "they act as

A-0856-23

agents of the State. [However], when county prosecutors are called upon to perform <u>administrative</u> tasks . . . such as a decision whether to promote an investigator, the county prosecutor in effect <u>acts on behalf of the county</u> that is the situs of his or her office." <u>Id.</u> at 450 (citing <u>Coleman v. Kaye</u>, 87 F.3d 1491, 1499 (3d Cir. 1996) (emphasis added)). The Court focused on:

> [W]hether the function that the county prosecutors and their subordinates were performing during the alleged wrongdoing is a function that traditionally has been understood to be a State function and subject to State supervision in its execution.
>
> [<u>Id.</u> at 454.]

County prosecutors act within the interest of the State when following the directives of the OAG, which vests them with vital discretionary decision-making authority and otherwise supersedes normal governing rules. <u>Gramiccioni</u>, 243 N.J. at 317. When the county prosecutors act pursuant to state-delegated responsibility to enforce the law that the OAG has entrusted to them, it "is not akin to the administrative duties that have been exempted from State defense and indemnification in the past . . . ." <u>Ibid.</u>

Although we acknowledge the Court's analysis, we find it unnecessary to reach the determination of whether the MCPO was acting in a law enforcement or administrative capacity here. The OAG's core reason for denying the MCPO's request for representation is predicated on well-established precedent

of the Court, obliging the OAG to defend as proffered "only [in] instances in which a public defendant has been sued for monetary damages [under the TCA]." Because the underlying complaint does not seek monetary damages for tortious conduct by a state employee, the OAG is not required under the TCA to defend the MCPO as to Reck's action in lieu of prerogative writs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13